## Frank Johnson et al., Appellants, v. George Whitham, Appellee.

### Gen. No. 6,514.    (Not to be reported in full.)

Appeal from the Circuit Court of Livingston county; the Hon.
GEORGE W. PATTON, Judge, presiding. Heard in this court at the
October term, 1917. Affirmed. Opinion filed April 9, 1918. Rehearing denied May 14, 1918.

### Statement of the Case.

Bill of review by Frank Johnson and others, members of the Cornell Improvement Association, complainants, against George Whitham, defendant, to review a chancery case in which defendant Whitham, as complainant, filed a bill against the complainants and others, as defendants, to dissolve a partnership and to procure an accounting. From a judgment sustaining a demurrer to the bill of review, all the complainants except one appeal.

F. A. ORTMAN and L. M. SHELLY, for appellants.

JAMES T. TERRY, for appellee.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

### Abstract of the Decision.

1.  EQUITY, § 554*—*what is purpose of bill of review.* A bill of review is properly filed to procure an examination and reversal of a decree after its enrollment, and is not a part of the original cause, but an independent proceeding, and is the only proper method by which the court rendering the decree can review it for error after the time for rehearing has expired.

2.  EQUITY, § 97*—*who must be made parties.* It is a fundamental principle in equity concerning parties that all persons in whose

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number,

favor or against whom there might be a recovery, however partial, and also all persons who are so interested, although indirectly, in the subject-matter and relief granted, that their rights or duties might be affected by the decree, although no substantial recovery can be obtained either for or against them, shall be made parties to the suit, and it is not ordinarily a matter of substantial importance whether they are joined as plaintiffs or as defendants.

3. APPEAL AND ERROR, § 1213*—*what may not be assigned for error.* A party cannot assign for error that which does not affect him but is prejudicial only to others who do not complain.

4. APPEAL AND ERROR—*when error in reinstating stricken bill without notice may not be complained of.* Any error of the trial court, in a suit in equity to dissolve a partnership and procure an accounting, in reinstating without notice to the defendants, the bill, which was stricken from the docket with leave to reinstate, cannot be raised on appeal where the question was not raised in the trial court, and no injustice resulted from the action of the court.

5. EQUITY, § 574a*—*when bill of review defective for lack of parties.* A bill for review of a decree in a suit by one partner against other members of the partnership for a dissolution of the partnership and for an accounting is fatally defective where only some of the defendants are made parties to the bill of review.